1

```
 1   UNITED STATES DISTRICT COURT                2007 OCT 26 PM 3:37
 2   EASTERN DISTRICT OF NEW YORK
 3   - - - - - - - - - - - - - - - X
 4   UNITED STATES OF AMERICA,     :
                                        07-MJ-01000-VVP
 5          -against-
                                        United States Courthouse
 6                                 :
                                        Brooklyn, New York
 7
     MARK GORMAN,
 8   SEAN GORMAN,
 9          Defendants.
                                   :    October 19, 2007
10                                      2;30 o'clock p.m.
     - - - - - - - - - - - - - - - X
11
     TRANSCRIPT OF EXTRADITION HEARING
12   BEFORE THE MAGISTRATE-JUDGE VIKTOR V. POHORELSKY
     UNITED STATES DISTRICT JUDGE
13
     ATTORNEYS FOR GOVERNMENT:
14   ROSALYNN M. MAUSKOPF
     United States Attorney
15   BY:  VALERIE TOCCI
     Assistant United States Attorney
16   1 Pierrepont Plaza
     Brooklyn, New York 11201
17
     ANDREW L. CARTER, JR.
18   FEDERAL DEFENDERS of NEW YORK, INC.
     16 Court Street
19   Brooklyn, New York 11241

20
     ATTORNEY FOR DEFENDANT:
21   DAVID H. WEISS, ESQ.
     41 Madison Avenue, Suite 4000
22   New York, New York 10010
     For: Defendant S. Gorman
23
     Court Reporter:
24   Marsha Diamond
     225 Cadman Plaza East
25   Brooklyn, New York
     TEL: (718) 613-2489  FAX: (718) 613-2369
```

*MARSHA DIAMOND, CSR*
*OFFICIAL COURT REPORTER*

1   Proceedings recorded by mechanical stenography,
2   transcript produced by CAT.
             THE CLERK: This is extradition matter 07-MJ-1000:
3   Matter of the extradition of Mark Gorman and Sean Gorman to
4   the United Kingdom
5        Counsel, would you please state your appearances for
6   the record.
7        MS. TOCCI: Valerie Tocci, for the United States.
8        MR. CARTER: Andrew Carter, for the Federal
9   Defenders, for Mark Gorman.
10       THE COURT: Good afternoon.
11       MR. WEISS: David Weiss, for Sean Gorman.
12       THE COURT: Okay. Good afternoon. Before we get
13  started I think I need to tell you something that may be
14  relevant to how we proceed today. I did receive a letter from
15  Mr. Carter dated October 16th and have reviewed that. I have
16  not received anything from the government. It's my
17  understanding from our last conference that the respondents
18  relators, the persons for whom extradition is sought, have
19  intended or intend to put on testimony by one or perhaps both,
20  I don't remember, but at least one of the relators, in an
21  effort, as I understand it, to establish facts pertinent to a
22  defense -- a justification defense. Our review of the case
23  law persuades me that evidence of a defense -- of any kind of
24  defense -- is not to be considered by a court in an
25  extradition matter. Notwithstanding, that both here and in

1  Britain, apparently, the burden of persuasion at a trial where
2  the justification of self-defense or defense of property --
3  excuse me -- where a justification defense is asserted,
4  whether it be self-defense or defense of property or defense
5  of others, for that matter, that notwithstanding that, the
6  burden of persuasion at a trial when such a defense is raised
7  rests on the prosecution. It is, nevertheless, a defense and
8  doesn't go to the probable cause inquiry, and evidence about
9  that doesn't go to the probable cause inquiry that I am
10 required to undertake, and there's a whole line of cases that
11 deal with this issue starting with a Supreme Court case
12 Charlton versus Kelly 229 US 447 at 456. That case has been
13 followed by numerous quotes, including the Second Circuit in
14 Shapiro versus Ferrandina 478 F.2d 894 at 900 to 901, which
15 is decided in 1973, and I'll quote from that case:
16         Thus evidence, alibi or facts contradicting the
17 demanding country's proof or of a defense, such as insanity,
18 may properly be excluded from the magistrate's hearing.
19         In the Southern District of New York 2005 in regard
20 to the extradition of In re: Sacirbegovic, the Supreme Court
21 followed that rule and said that the accused has no right to
22 introduce evidence which merely contradicts the demanding
23 country's proof. The only evidence permitted offered in an
24 extradition hearing is the evidence that tends to explain the
25 government's case for probable cause, and there's other cases:

In the matter of Sindona, 450 F. Supp 672 in the Southern District in 1978, and cases from other circuits as well where the question of introducing evidence concerning a defense, including a defense -- justification of a defense where that evidence is excluded, and is not supposed to be considered by the extradition court.

Let me go further. We did look a little bit at the United Kingdom law as well on this, and as Mr. Carter says, the burden of persuasion there, once the defense is raised, the burden of persuasion at trials rests with the prosecution to show that the attack or the assault was, indeed, unlawful -- the use of force was, indeed, unlawful; but again, in the United Kingdom the justification defense is a defense. It's raised by the defendant and then has to be overcome by the prosecution. So the concept that this Court is not to consider evidence of defenses applies, it seems to me, without any real question to the justification defense. I say all of this because if you want to make a record and you want to introduce evidence through the statements or testimony of your respective client, and I'm talking to both Mr. Weiss and Mr. Carter, I'll permit you to do that; but understand that I am not going to consider it when reaching a probable cause determination, and therefore, you're putting your client at the risk of their making statements under oath which won't benefit them, at least before me, but you may want to make the

1  record and seek an appeal of this ruling, although you could
2  probably appeal it even without making the record.  So I
3  thought I'd say that at the outset, so that you knew what was
4  guiding the Court.
5           MR. WEISS:  Could I have a brief moment to confer
6  with Mr. Sean Gorman?
7           THE COURT:  You certainly may.
8           Mr. Carter.
9           MR. CARTER:  Thank you for that guidance concerning
10 how the Court has decided. I guess I was aware -- I wasn't
11 particularly cognizant of these particular cases but I was
12 aware, generally speaking, you can't assert a defense in an
13 extradition proceeding to try to defeat probable cause. What
14 is different about this particular statute is the fact that
15 lawful is an element of the offense which is our position that
16 makes it different. If this were a statute, such as statutes
17 we are familiar with in this country that says if you cause
18 bodily harm to some person, intentionally cause bodily harm to
19 such person, this would not be unlawful. This is not an
20 element of that offense, and it would proceed in the way that
21 we are used to.  It would be a defense.  A justification would
22 be a defense that would be raised at trial, and once the
23 defense raised that defense, then the government would have
24 the burden of proof to disprove that beyond a reasonable
25 doubt.

1   Our contention is that this particular statute is
2   different because unlawfulness is actually in the statute
3   which makes it different than most other cases.  I'm not
4   necessarily familiar with these other cases. I could try to
5   look at the cases and see if those cases dealt with statutes
6   in which lawfulness was an element of the offense. That's our
7   contention as to what makes this different. If this was not a
8   situation which lawfulness was an element of offense, I would
9   not be making this argument at all.
10   THE COURT: I understand that.  We did look at
11   treatises of British law which dealt with that issue. Do you
12   have that cite (indicating law clerk)?  And what the genesis
13   of the use of the word unlawful in that statute, as I
14   understand it, was to, well, let me look at it.  I'm citing a
15   treatise (perusing) we found in Westlaw, so we are not exactly
16   sure how to cite it, but it is Art Bolt from Sweet and Maxwell
17   and relates to -- I mean the particular section where we
18   referred to -- relates to offenses against a person and a
19   requirement -- and we are quoting from this -- a requirement
20   in both sections -- and referring to a couple of sections of
21   statutes included in the section that we are proceeding under
22   -- that I say that extradition here is proceeding under -- the
23   requirement in both sections that the wounding or grievous
24   bodily harm be unlawful imports no more than that
25   self-defense, defense of others, defense of property, force

1  used for the purpose of prevention of crime are all potential
2  defenses. If raised, if raised, the burden of negative
3  self-defense, defense of others is on the prosecution.
4       So that this persuades me that, yes, the word
5  unlawfully is in the statute, but it is put there just to make
6  sure everybody is aware that those defenses are still
7  available to have, and this came about -- I believe I was
8  reading from somewhere else -- I can't find it right now, but
9  there was some statutory modification, and then once this new
10 statute was enacted they stuck the words unlawfully in there
11 to make sure that this remained available as they had before,
12 but the important part to me is that their defenses that have
13 to be raised, once raised, then the burden is on the
14 prosecution, but that the word unlawfully is meant to mean
15 only that those defenses are available, but that they are
16 defenses, that the prosecution doesn't have the burden of
17 disproving all possible justifications, that there has to be
18 -- a particular defense has to be raised and then they have
19 the burden of overcoming the defense.
20      So, I understood the argument, I do understand the
21 argument, and it's a good one, it's a good one, but I've come
22 out the other way on that.
23      So is there anything else you wanted say?
24      MR. CARTER:  No.  I need a minute.
25      THE COURT:  Do you want a few moments to confer?  By

```
 1  all means.
 2              (Pause in the proceeding)
 3          MR. CARTER:  Your Honor.
 4          THE COURT:  Yes.
 5          MR. CARTER:  As to Mark Gorman, we are going to
 6  waive extradition at this time.
 7          MR. WEISS:  As to Sean Gorman as well, having
 8  discussed this, Sean Gorman, his view is that, rather than be
 9  subjected to a potentially prolonged appeal process, he would
10  prefer to be extradited.
11          THE COURT:  All right. So you are prepared to waive
12  the proceeding?
13          MR. CARTER:  Yes.
14          THE COURT:  Then that being the case, I'll ask the
15  government to submit an appropriate form of certification.  I
16  have to make a certification or -- well, let me see. I'm going
17  to make this finding on the record. I did review the papers.
18  Based on the papers I do find that all the elements that are
19  necessary for an extradition are met here in the sense that
20  there's a statute that permits the extradition, that the
21  offense is one covered by the statute, that the identity of
22  the extraditees is not in dispute, and that there's probable
23  cause for it. There's a fifth element which I can't remember
24  offhand, but I did go through those, and I do find those
25  elements to be satisfied. I did find that the papers that were
```

submitted in support are sufficient to establish probable cause. My recollection, though, is where one waives extradition there is some sort of written waiver that is typically signed; am I right about that, Ms. Tocci?

MS. TOCCI: Yes, Your Honor. The government prepared an order for the Court to sign as well as an affidavit for the defendants to sign.

MR. CARTER: Technically, I guess to clear it out, my client wants to move things along, Your Honor. Your Honor's already made his findings on the record.

MS. TOCCI: Your Honor, it is also possible -- I had an extradition matter before where the judge made a ruling there were findings that the fugitive was willing to waive extradition and then I went back to my office and prepared the order.

THE COURT: Well, I think that what Mr. Carter is suggesting is that we can forego the affidavits.

MR. CARTER: Yes.

THE COURT: That if you prepare a form of certification and we may even have one in our files from a past extradition as well, so I can just prepare that certification without any further affidavits since I did, in fact, review the record, and I have come to the conclusion that the record is sufficient to support an extradition request. Can you give me just a moment.

All right. Just for the record, and then we'll be done, the Court does have the responsibility to make five findings:

First, whether there's an extradition treaty between the requesting state and the United States;

Second, whether there are charges pending against the respondent or respondents, as it is in this case here;

Whether the charges are extraditable offenses under the treaty;

Whether the individuals who are before the Court are the persons who are wanted;

And whether there is probable cause.

And as to each of those five elements, I did come to the conclusion that the submissions made by the government satisfy the Court about those elements.

So those findings having been made, and of course, since the respondents themselves are not contesting any of them, the Court does not see the need to conduct any further proceedings here in court.

The Court will prepare the necessary certification to the Department of State, and we'll file it and transmit it to the appropriate channels, so your clients can be turned over to authorities from the UK as soon as possible, and Ms. Tocci, how can you expedite that, or do you know how you can, in other words, actually getting the extradition

1  accomplished and how quickly that can be done?

2  MS. TOCCI: Your Honor, I have spoken with not only
3  with the Office of International Affairs, I have also spoken
4  to the main detective assigned to this matter in Manchester,
5  in the United Kingdom and he has informed me that he's in the
6  process of putting together a team of people and preparing all
7  the necessary documents and getting the necessary approvals
8  for them to be able to come to the United States to pick up
9  the fugitives, and Your Honor, as I understand it, he believes
10 it would take a month or two.

11 THE COURT: A month or two, why so long?

12 MS. TOCCI: That was the last I spoke with him was
13 about two weeks ago. So I will inform him and the Office of
14 International Administration today of Your Honor's findings
15 and I will relate to them Your Honor's direction that it be
16 done as quickly as possible.

17 THE COURT: Well, I'll expedite the certification
18 and you don't need to delay. I'll prepare the certification
19 and I will try to get it filed today, but it seems to me you
20 can tell them right now --

21 MS. TOCCI: -- yes, Your Honor --

22 THE COURT: -- that they ought to get -- make
23 whatever they have to place for the turnover.

24 MR. WEISS: Your Honor, with respect to Sean Gorman,
25 Mr. Gorman is very concerned about an extended stay at the MDC

12

1  facility here, and I'm advised that if this is to be an
2  extended stay, then he does wish to present some testimony.
3      THE COURT: I won't prevent him from putting on
4  testimony. To what end? I mean the effect of that I think
5  will be if you intend to move on that, then you are going to
6  have to have an appeal and Ms. Tocci is not going to be able
7  to tell the people in England to get going. So the effect of
8  it is in there's going to be further delay here. I think you
9  need to make that clear to Mr. Gorman.
10     (Mr. Weiss and Defendant Sean Gorman conferred)
11     MR. WEISS: I have conferred with Sean Gorman and we
12 are going to waive the extradition.
13     THE COURT: Well, whether it's a waiver or not, I'm
14 finding the extradition to be appropriate, and I will enter
15 the certification and with that, though, since you are telling
16 me essentially that you are not going to institute further
17 proceedings to block the extradition, I am going to direct
18 Ms. Tocci she may take immediate steps to put the wheels in
19 motion to get the turnover accomplished and I understand that
20 she will follow that direction.
21     Is there anything else today?
22     MR. CARTER: No, Your Honor.
23     THE COURT : Then we are adjourned. Thank you.
24     (Proceedings concluded as above set forth)
25

I HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND ACCURATE TRANSCRIPT
FROM MY NOTES IN THIS PROCEEDING.

MARSHA DIAMOND, CRR, RPR
OFFICIAL COURT REPORTER